IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37509-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL JEREMY AICHELE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Michael Aichele appeals his sentence for attempting to elude a pursuing police vehicle. He asserts that a particular sentencing enhancement was erroneously checked on the judgment and sentence and that discretionary legal financial obligations (LFOs) should not have been imposed. The State concedes error. We remand to correct the scrivener's error in the judgment and strike the discretionary LFOs.

In August 2019, Mr. Aichele was arrested for attempting to elude a police vehicle. A jury found him guilty of that offense. No other special verdict was sought or found.

At sentencing, the trial court checked a box on the judgment and sentence for a sentence enhancement, finding that Mr. Aichele endangered one or more persons, other than the pursuing officer, during the crime. Despite checking this box, the court sentenced Mr. Aichele to 25 months, the middle of his standard range, without any

sentence enhancements. The court also found Mr. Aichele indigent but imposed discretionary fees, including a $200 criminal filing fee and a $100 jury demand fee.

At trial on charges of eluding a police officer, the prosecuting attorney can make a special allegation of endangerment pursuant to RCW 9.94A.834. Ultimately, it is the jury's responsibility to find whether this allegation was proved beyond a reasonable doubt. RCW 9.94A.834(2). If found by a jury, the enhancement adds twelve months and one day to the defendant's standard range sentence. RCW 9.94A.533(11).

In this case, the prosecuting attorney did not allege endangerment, and the jury was not presented with the question of endangerment. Therefore, the trial court's finding to this effect was erroneous. Mr. Aichele's standard range was 22 to 29 months, and he was sentenced to 25 months without any enhancements. In other words, the finding did not affect Mr. Aichele's sentence.

Given the absolute lack of evidence to support the finding of endangerment and Mr. Aichele's standard range sentence, both parties suggest that the finding was simply a scrivener's error. We agree and remand to fix the error by striking the finding from the judgment and sentence. *See State v. Healy*, 157 Wn. App. 502, 516, 237 P.3d 360 (2010) (court remanded to correct judgment and sentence that incorrectly stated terms of confinement).

Mr. Aichele also appeals the imposition of discretionary financial obligations in light of the court's finding that he is indigent. Again, we accept the State's concession.

2

No. 37509-9-III
*State v. Aichele*

By statute, neither the filing fee nor jury demand fee may be imposed on an indigent criminal defendant. RCW 36.18.020(2)(h) (filing fee), RCW 10.46.190 (jury demand fee).

We remand to fix the error on the judgment and sentence by striking the finding of endangerment. The court should also strike the $200 criminal filing fee, the $100 jury demand fee, and recalculate Mr. Aichele's financial obligations.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, A.C.J.

3